IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WENDELL DUNCAN**                                                            **PETITIONER**

V.                                                                   **NO. 4:21-CV-68-DMB-JMV**

**TIMOTHY MORRIS**                                              **RESPONDENT**

**ORDER**

On or about May 10, 2021, Wendell Duncan filed a petition in the United States District Court for the Northern District of Mississippi seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #1. Duncan's petition challenges his 1995 conviction in the Circuit Court of Washington County, Mississippi,[1] for simple assault on a law enforcement officer. *Id.* at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A second or successive petition is defined as "one that 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (internal quotation marks omitted). However, a petition is not successive if the earlier petition was "unadjudicated on its merits." *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000).

Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district

---

[1] The petition refers to the "Circuit Court of Greenville, MS." *See* Doc. #1 at 1. The documents accompanying Duncan's petition make clear the conviction was in the Circuit Court of Washington, County.

court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. §1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Duncan has filed at least one unsuccessful § 2254 petition challenging the same conviction he seeks to challenge here. *See Duncan v. State of Mississippi*, No. 4:12-cv-31, at Doc. #6 (N.D. Miss. July 23, 2012). This petition was dismissed with prejudice as untimely and thus procedurally barred. *Id*. at 3. Accordingly, Duncan's current petition is a successive petition for which he has not obtained authorization to file. Therefore, in the interest of justice and judicial economy:

1. The Clerk of the Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(C), and 28 U.S.C. § 1631; and

2. This case is **CLOSED**.

**SO ORDERED**, this 22nd day of July, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**