IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**WENDELL DUNCAN**  **PETITIONER**

**V.**  **NO. 4:21-CV-68-DMB-JMV**

**TIMOTHY MORRIS**  **RESPONDENT**

**OPINION AND ORDER**

The State of Mississippi moves to dismiss as untimely Wendell Duncan's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because Duncan's petition was filed after the statute of limitations expired, dismissal will be granted.

**I**
**Background and Procedural History**

On April 19, 1995, Wendell Duncan was named in a two-count indictment charging him as a habitual offender under Mississippi Code § 99-19-81 with one count of aggravated assault on a law enforcement officer and one count of simple assault on a law enforcement officer. Doc. #14-1 at PageID 142–43. On September 29, 1995, Duncan pled guilty to the simple assault charge[1] and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections as a habitual offender. *Id.* at PageID 145. His sentence was to "be served without eligibility for parole and consecutive to any other sentence … being served." *Id.*

Duncan did not appeal[2] or otherwise challenge his simple assault conviction or sentence[3]

---

[1] In exchange for the guilty plea, the State dismissed the aggravated assault charge. *See* Doc. #14-2 at PageID 202.

[2] While a Mississippi criminal defendant may not currently pursue a direct appeal from a guilty plea, at the time Duncan pled guilty, the Mississippi Supreme Court had "found jurisdiction in certain instances over matters involving a direct appeal from a sentence imposed under a guilty plea." *Burrough v. State*, 9 So. 3d 368, 374 (Miss. 2009).

[3] The State asserts that Duncan "persistently challenged his other convictions and sentences for more than two decades." Doc. #13 at 5. Duncan's other convictions, which are not relevant to the outcome here, are discussed in a

until March 2019 when he filed a "Motion to Correct Sentence" in the Washington County Circuit Court. Doc. #14-1 at PageID 132–41. On June 11, 2019, the trial court denied Duncan's motion as "barred by the three year statute of limitations," *id.* at PageID 167, and subsequently denied Duncan's motion for reconsideration, *id.* at PageID 179. The Mississippi Court of Appeals affirmed the decision on October 13, 2020, finding Duncan's claims that he received an illegal sentence and ineffective assistance of counsel were without merit such that he could not overcome the procedural bar. *Duncan v. State*, 315 So. 3d 1075, 1077–79 (Miss. Ct. App. 2020).

On May 19, 2021, Duncan filed a pro se petition for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi asserting that his five-year sentence was illegal. Doc. #1. After it was ordered to answer the petition,[4] the State filed a motion to dismiss on April 26, 2022. Doc. #13. Duncan responded to the motion to dismiss on May 19, 2022, and on May 31, 2022. Docs. #17, #19.[5] The State responded to Duncan's May 31 filing, Doc. #20, and Duncan replied, Doc. #21.

## II
## Discussion

As the basis for dismissal, the State argues that Duncan's petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Doc. #13 at 2–3.

The AEDPA "requires state prisoners to file for federal habeas relief within a year of their conviction becoming final. … That limitations period is statutorily tolled during the pendency of a properly filed application for State post-conviction or other collateral review." *Jones v. Lumpkin*,

---

separate habeas case—*Duncan v. Mississippi Department of Corrections, Records Department*, No. 4:18-cv-6, 2018 WL 3041078, at *1 (N.D. Miss. June 19, 2018).

[4] Doc. #10.

[5] Based on their substance, though these filings are titled, respectively, "Motion to Dismiss This Case for Failure to Answer the Order Maded [sic] on the 2-15-2022," Doc. #17, and "Motion to Proceed with the Writ of Habeas Corpus," Doc. #19, the Court construes them as responses to the State's motion to dismiss.

22 F.4th 486, 489 (5th Cir. 2022) (cleaned up). "[I]n limited circumstances, a court may equitably toll the limitations period." *Id.* "[E]quitable tolling is warranted in only rare and exceptional circumstances … where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 490 (internal quotation marks omitted).

Under current Fifth Circuit precedent, Duncan's conviction became final ninety days after his September 29, 1995, guilty plea. *See Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (defendant's Mississippi conviction became final for AEDPA purposes ninety days after his guilty plea and sentencing). However, because Duncan's conviction "became final before the enactment of the AEDPA, the one-year statute of limitations beg[an] to run on the date of the AEDPA's enactment-that is, April 24, 1996." *Fierro v. Cockrell*, 294 F.3d 674, 679 (5th Cir. 2002). His federal petition then was due on or before April 24, 1997, making the petition here untimely unless statutory or equitable tolling applies.

Duncan argues his federal petition is timely because it was filed within one year of the Mississippi Court of Appeals' October 13, 2020, decision and he was required to exhaust his state remedies before filing his federal petition. Doc. #19 at 4. The record shows, however, that Duncan did not challenge his simple assault conviction and sentence until 2019. *See* Doc. #14-1 at PageID 132–41. Because applications for post-conviction relief "not filed until *after* the period of limitation had expired" do not toll the limitation period, Duncan is not entitled to statutory tolling. *Torres v. Lumpkin*, No. 20-20819, 2021 WL 6101505, at *1 (5th Cir. Oct. 6, 2021) (quoting *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

Duncan argues "extraordinary circumstance[s] … warrant equitable tolling" because he is mentally incompetent and did not have a lawyer to file an appeal. Doc. #21 at 1–2. The lack of

3

counsel is insufficient to justify equitable tolling because "pro se petitioners are expected to comply with AEDPA's statute of limitations." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (petitioner represented by incompetent counsel was not entitled to equitable tolling where petitioner did "nothing to further his legal claims"). And "[a[lthough mental illness may warrant equitable tolling, a petitioner (i) must make a threshold showing of incompetence and (ii) must show that this incompetence affected his ability to file a timely habeas petitioner [sic]." *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). The only evidence Duncan offers to support his incompetence argument are statements during his change of plea hearing that he was "sick" and needed his medicine. Doc. #19 at 1-3; Doc. #14-2 at PageID 198, 200. These statements fall short of showing Duncan is or was incompetent. Even if they did establish his incompetence, Duncan presents no argument as to how such affected his ability to file a habeas petition. He also fails to present any argument that he pursued his rights diligently when he did not challenge his conviction in any way for over twenty-three years. Accordingly, he has not carried his burden of showing equitable tolling is warranted.[6]

Because Duncan failed to file his petition within the limitation period and has failed to show statutory or equitable tolling applies, the State's motion to dismiss the petition as untimely will be granted.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the

---

[6] To the extent Duncan's argument that his sentence was illegal may be construed as an additional argument for equitable tolling, "a claim of illegal sentence is not an exception to the federal *habeas corpus* statute of limitations." *Watts v. Williams*, No. 3:20-cv-139, 2021 WL 1582775, at *3 (N.D. Miss. Apr. 22, 2021) (internal quotation marks omitted) (collecting cases).

applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the *Slack* criteria, the Court finds a COA should not issue in this case.

## IV
## Conclusion

The State's motion to dismiss [13] is **GRANTED**. Duncan's petition for a writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A separate judgment will be issued accordingly.

**SO ORDERED**, this 22nd day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**